UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILTON F. LEE,

                Petitioner,

v.                                                  9:05-CV-1337
                                                  (GTS/DEP)

GARY GREENE, Superintendent,

                Respondent.
_____

APPEARANCES:                                     OF COUNSEL:

MILTON F. LEE, 01-B-1928
  Petitioner, *Pro Se*
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051

HON. ERIC T. SCHNEIDERMAN              LISA E. FLEISCHMANN, ESQ.
Attorney General for the State of New York      MICHELLE E. MAEROV, ESQ.
  Counsel for Respondent                       Assistant Attorney Generals
120 Broadway
New York, New York 10271

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Milton F. Lee ("Petitioner") filed his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on October 24, 2005. (Dkt. No. 1.) By Report-Recommendation dated December 15, 2010, the Honorable David E. Peebles, United States Magistrate Judge, recommended that the petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 65.) For the reasons set forth below, Magistrate Judge Peebles's Report-Recommendation is accepted and adopted in its entirety, and Petitioner's petition is denied and dismissed.

I.      APPLICABLE LEGAL STANDARDS

     A.      **Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

    [1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

    [2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied,* 519 U.S. 895 (1996).

B.     **Standard Governing Review of Petitioner's Habeas Petition**

"Enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), brought about significant new limitations on the power of a federal court to grant habeas relief to a state court prisoner under 28 U.S.C. § 2254." *Capra v. LeClair*, 06-CV-1230, 2010 WL 3323676, at *7 (N.D.N.Y. Apr. 12, 2010) (Peebles, M.J.). Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001). Significantly, a federal court may not grant habeas relief to a state prisoner on a claim

> that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir.), *cert. denied*, 534 U.S. 886 (2001); *Boyette*, 246 F.3d at 88. When applying this test, the Second Circuit has noted that

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: (1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? (2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? (3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 [2d Cir. 2000] [citing *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 [2000]).

3

"Because the AEDPA's restriction on federal habeas power was premised in no small part upon the duty of state courts to uphold the Constitution and faithfully apply federal laws, the AEDPA's exacting review standards apply only to federal claims which have been actually adjudicated on the merits in the state court." *Capra*, 2010 WL 3323676, at *8 (citing *Washington v. Schriver*, 255 F.3d 45, 52-55 [2d Cir. 2001]). "Specifically, as the Second Circuit explained in *Sellan v. Kuhlman*, '[f]or the purposes of AEDPA deference, a state court adjudicate[s] a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" *Id*. (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 [2d Cir. 2001]) (other citations omitted). "Significantly, the Second Circuit further held that when a state court adjudicates a claim on the merits, 'a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim- even if the state court does not explicitly refer to either the federal claim or to relevant federal case law.'" *Id*. (quoting *Sellan*, 261 F.3d at 312).

"When it is determined that a state court's decision was decided 'on the merits,' that decision is 'contrary to' established Supreme Court precedent if it applies a rule that contradicts Supreme Court precedent, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts." *Id*. (quoting *Williams*, 529 U.S. at 405-06). "Additionally, a federal court engaged in habeas review must also determine not whether the state court's determination was merely incorrect or erroneous, but instead whether it was 'objectively unreasonable.'" *Id*. (quoting *Sellan*, 261 F.3d at 315). The Second Circuit has noted that this inquiry admits of "[s]ome increment of incorrectness beyond error," though "the increment need not be great [.]" *Francis S.*, 221 F.3d at 111.

## II.     RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's 2001 conviction for murder in the second degree, but will simply refer the parties to the relevant portions of Magistrate Judge Peebles's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 65, at 2-5.)

### A.     Petitioner's Claim

In his petition, Petitioner asserts the following claims in support of his petition: (1) the trial court erred in admitting evidence that was the product of Fourth Amendment violations;[3] (2) the trial court erred in permitting witnesses to testify regarding his handling of the victim's body following her death; (3) the trial court erred in refusing to allow him to call Dr. Lesswing as an expert witness; and (4) he was denied a fair trial through the introduction of an excessive number of photographs of the victim's body. (Dkt. No. 1.)

### B.     Magistrate Judge Peebles's Report-Recommendation

In his Report-Recommendation, Magistrate Judge Peebles recommends dismissal of Petitioner's petition because Petitioner failed to make a substantial showing that he was denied a constitutional right. (Dkt. No.65, at 39.) More specifically, in his Report-Recommendation, Magistrate Judge Peebles recommends as follows: (1) that Petitioner's first claim (i.e. that the trial court erred in allowing the prosecution to admit evidence that was the product of a Fourth Amendment violation) be dismissed because Petitioner failed to establish that the trial court failed to conduct a meaningful suppression hearing prior to ruling that this evidence was

---

[3]     More specifically, Petitioner alleges that the trial court should not have permitted the prosecution to present evidence obtained by law enforcement agents following his traffic stop, including the results of a consensual search of his vehicle, and oral and written statements in which he admitted to murdering the victim.

admissible; (2) that Petitioner's second and fourth claims (i.e. that Petitioner was deprived of the right to a fair trial based on rulings made by the trial court that permitted the prosecution to adduce the quantity of evidence that it did regarding (a) his handling of the victim's body following her death, and (b) the photographs of the victim's body) be dismissed because, based on the record, the evidence was properly admitted, and, even if it was not, Petitioner failed to demonstrate that the trial court's rulings regarding the admissibility of this evidence deprived him of a fundamentally fair trial; and (3) that Petitioner's third claim (i.e. that the trial court violated his due process rights by not allowing him to call Dr. Lesswing as a witness) be dismissed because the trial court's rejection of Dr. Lesswing's testimony was based on adequate and independent state grounds, and, even assuming that the rejection was not based on adequate and independent grounds, Petitioner failed to show that Dr. Lesswing's testimony was fundamental to his defense such that denying this testimony deprived him of a fundamentally fair trial. (Dkt. No. 65.)

      **C.**     **Petitioner's Objection**

On December 30, 2010, Petitioner submitted his Objections to the Report-Recommendation. (Dkt. No. 67.) Generally, in his Objections, Petitioner argues, *inter alia*, as follows: (1) Magistrate Judge Peebles erred in not considering two grounds for relief (i.e., that his conviction was against the weight of the evidence, and that Yvette Rivers should not have been permitted to testify based on her unsettled mental condition), which were asserted by Petitioner in his original Petition; (2) Magistrate Judge Peebles erred in finding that the trial court did not err in declining to suppress certain evidence based on a violation of his Fourth Amendment rights because the officer's testimony at the suppression hearing that he acquired probable cause to search Petitioner's vehicle after viewing the victim's body in plain sight was

false; (3) Magistrate Judge Peebles erred in concluding that the evidence of Petitioner's guilt introduced at trial was overwhelming; and (4) with regard to the precluded testimony of Dr. Lesswing, Petitioner should not have had to comply with the notice requirement set forth in CPL 250.10 because he does not suffer from any psychiatric disorders, and therefore Magistrate Judge Peebles should only have considered whether denying him the opportunity to call Dr. Lesswing as a witness denied him a fundamentally fair trial. (Dkt. No. 67.)

**III.   ANALYSIS**

As an initial matter, the Court finds that Petitioner has failed to make specific objections to Magistrate Judge Peebles's Report-Recommendation. Rather, Petitioner has simply restated arguments he presented in his prior papers to the Court. As a result, the Court reviews the Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's Report-Recommendation and Petitioner's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge Peebles, and rejects each of Petitioner's Objections thereto. (Dkt. Nos. 65, 67.) Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 65.) As a result, the Court accepts and adopts Magistrate Judge Peebles's Report-Recommendation in its entirety for the reasons stated therein. The Court would add only four points.

First, Magistrate Judge Peebles's thorough and correct Report-Recommendation would survive even a *de novo* review.

Second, contrary to the argument raised in Plaintiff's Objections, the Court does not construe Ground Two of Plaintiff's petition as asserting a challenge to his conviction based on

the weight of the evidence.  Rather, Ground Two asserts that Petitioner was deprived of his right to a fair trial based on rulings made by the trial court that permitted the prosecution to adduce the quantity of evidence that it did regarding Petitioner's handling of the victim's body following her death.  (Dkt. No. 1.)  Accordingly, Magistrate Judge Peebles did not err in declining to consider Petitioner's weight-of-the-evidence argument.

Moreover, even assuming that Ground Two could be liberally construed as asserting a challenge to his conviction based on the weight of the evidence, the record reflects that Petitioner did not exhaust such a weight-of-the-evidence claim.  (Dkt. No. 67 at 3-4.)  Furthermore, the Court agrees with Magistrate Judge Peebles that the evidence of Petitioner's guilt introduced at trial was overwhelming.

Third, with regard to Petitioner's argument that Magistrate Judge Peebles erred in not considering his argument that Yvette Rivers should not have been permitted to testify based on her unsettled mental condition, the Court finds that Magistrate Judge Peebles correctly concluded that this was not a ground for relief asserted in Petitioner's original petition.  Rather, this claim was recited (albeit much more vaguely) in the section of his petition detailing the grounds for relief that he raised in his 440 motion to vacate the judgment, which he filed in state court in addition to his direct appeal from the judgment of conviction and sentence.

In any event, even assuming that his argument that Yvette Rivers should not have been permitted to testify based on her unsettled mental condition was a ground for relief asserted in his petition, the Court has considered this argument and finds that it does not create grounds for habeas relief.  As an initial matter, the trial court already considered and rejected that argument.

In addition, Petitioner has not exhausted this claim for relief,[4] and the time in which to do so has long since passed.[5]  *See* N.Y. C.P.L. §§ 460.10(4)(a), 460.30 (noting that the deadline for leave to appeal may be extended to at most 1 year and 30 days).  As a result, the claim is procedurally barred.  *See Jones*, 2011 WL 9386, at *12 (collecting cases).  Moreover, even assuming that the claim is not procedurally barred, as the trial court noted in dismissing Petitioner's 440 motion, in light of the overwhelming evidence of guilt introduced at trial aside from Ms. Rivers's testimony, it cannot be said that permitting her to testify deprived Petitioner of a fundamentally fair trial.

Fourth and finally, contrary to Petitioner's argument in his Objections, Magistrate Judge Peebles did consider whether denying Petitioner the opportunity to call Dr. Lesswing as a witness denied him a fundamentally fair trial; and Magistrate Judge Peebles concluded, based on the overwhelming evidence of guilt introduced at trial, that it did not deny Petitioner a fundamentally fair trial.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 65) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's petition (Dkt. No. 1 ) is **DENIED** and **DISMISSED**; and it is further

---

[4]  *Jones v. Marshall*, 08-CV-5793, 2011 WL 9386, at *12 (S.D.N.Y. Jan. 3, 2011) (noting that petitioner must "seek leave to appeal the New York Supreme Court's denial of []his [440.10] motion[, and] [b]ecause he has not presented this claim to the highest state court from which a decision could be had, the claim is unexhausted"); *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990) ("[B]y failing to appeal the denial of his Section 440.10 motion, [petitioner] has not fulfilled [the exhaustion] requirement with respect to his ineffective assistance claim.").

[5]  Petitioner's 440.10 motion to vacate his conviction was denied on December 9, 2003.

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: February 10, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge